900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thelma May PATCHEL, As Administratrix of the Estate of Aaron
Sharrard Patchel, Jr.; Thelma May Patchel, on her
own behalf, Plaintiffs-Appellants,
v.
MEBA PENSION TRUST, Defendant-Appellee.
 No. 89-1461.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 11, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-87-2994-K)
 Michael Frank Barrett, Daniels, Saltz & Mongeluzzi, Ltd., Philadelphia, Pa., for appellant.
 Bettina Barasch Plevan, Proskauer, Rose, Goetz & Mendelsohn, New York City, for appellee.
 Alice B. Stock, Proskauer, Rose, Goetz & Mendelsohn, New York City, for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Thelma May Patchel, surviving spouse of Aaron Patchel, sued the MEBA Pension Trust to recover a joint and survivor annuity or a lump sum pension payment under a MEBA pension plan in which Mr. Patchel participated. Mrs. Patchel claims that MEBA violated ERISA, 29 U.S.C. Sec. 1055(c), by refusing to allow her husband to revoke his earlier decision to decline a survivorship annuity option in favor of an election of full monthly pension benefits. Alternatively, she contends that MEBA misinterpreted its own plan regulations and misled Mr. Patchel in a way that led him to reject lump sum benefits that would have accrued to Mrs. Patchel.
 
 
 2
 The district court considered and rejected both of these claims. After carefully reviewing the briefs and hearing oral argument, we affirm the district court's judgment.
 
 
 3
 It is beyond dispute that in February 1976 Mr. Patchel elected to receive his full monthly pension benefit rather than a survivorship annuity. The option he selected in 1976 stated:
 
 
 4
 I wish to receive my full pension and reject any joint and survivor annuity, so that no benefits will be payable to my spouse.
 
 
 5
 The district court found that in 1977, 1980, and 1983 Mr. Patchel received information from MEBA explaining the survivorship annuity option and informing him of his right to elect such an annuity at any time.
 
 
 6
 Mrs. Patchel makes no claim that her husband's waiver of the survivorship option was in any way invalid. Rather, she contends that MEBA violated ERISA by impermissibly requiring that he wait two years before cancelling his rejection of the survivorship option. However, for reasons well stated by the district court, we disagree:
 
 
 7
 Nothing in the plan or the totality of the plan, statute, [or] regulations in any way takes away the right of the ... pensioner to change his mind. It's clear that ... Mr. Patchel could change his mind at any time. ... The election [period] continued right up to the time of the ... commencement of benefits.... [H]e was given all of this information right along.
 
 
 8
 Mr. Patchel repeatedly had the opportunity to elect the survivorship option but declined to do so. We cannot modify his decision at this late date.
 
 
 9
 Concerning the lump sum payment, MEBA Trustees have interpreted plan regulations to require a participant to be alive at the end of the two-year filing period for benefits to be available. Mrs. Patchel argues that the plan regulations do not in fact require her husband to be alive at the end of the two-year period. She claims that if her husband had known this fact, he would have chosen the lump sum option. After reviewing the plan regulations, we must reject this argument, for as the district court held, "the requirement that a participant live two years after electing a lump sum is ... not only a reasonable interpretation [of the regulations], but is a compelled one."
 
 
 10
 Mr. Patchel freely chose not to elect a survivorship annuity for his wife. The significance of this choice was clear to him, and was repeatedly brought to his attention over eight years in a way that no one could mistake. That Mrs. Patchel now receives no benefits from her husband's pension plan is unfortunate. However, the problem lies with Mr. Patchel's election and cannot be laid at the feet of the pension fund. Accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.